UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
DIVISION
CASE NO.:



UNITED STATES OF AMERICA,

    Plaintiff,

vs.

BRETT NABRIDGE
    Defendant.
_____/

COMPLAINT

The United States of America, acting herein by THOMAS E. SCOTT, United States Attorney for the Southern District of Florida, alleges as follows:

1. This action is brought by the United States of America, with jurisdiction provided by 28 U.S.C. § 1345.

2. The defendant is a resident of the Southern District of Florida.

3. The defendant is indebted to the plaintiff in the principal amount of $2526.41, plus interest on this principal amount computed at the rate of 7.00 percent per annum in the amount of $2615.88, plus interest thereafter on this principal from January 20, 2000 until the date of judgment, plus administrative fees, costs, and penalties in the amount of $.00. See Exhibit A attached hereto and incorporated herein.



4. Demand has been made upon the defendant by plaintiff for the sum due, but the amount due remains unpaid.

WHEREFORE, plaintiff prays judgment against the defendant for the total of $5142.29, plus interest at 7.00 percent per annum on the principal amount of $2526.41, from January 20, 2000 to the date of judgment, plus costs. Plaintiff further demands, pursuant to 28 U.S.C. §1961, that interest on the judgment be at the legal rate until paid in full.

Notice is hereby given to the defendant that the plaintiff intends to seek satisfaction of any judgment rendered in its favor in this action from any debt accruing.

Dated at Miami, Florida on this 31 day of January, 2000.

Respectfully submitted,

THOMAS E. SCOTT
United States Attorney

By: _____
Mary F. Dooley
Assistant U.S. Attorney
Florida Bar No. [#]A5500282
99 N.E. 4th Street,
Suite 300
Miami, FL 33132
Tel No. 305-961-9377
Fax No. 305-530-7195

U.S. DEPARTMENT OF EDUCATION
SAN FRANCISCO, CALIFORNIA

CERTIFICATE OF INDEBTEDNESS

Brett Nabridge
7410 Dover Ct
Parkland, FL 33067-

SSN: 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

I certify that Department of Education records show that the borrower named above is indebted to the United States in the amount stated below plus additional interest from 6/29/99.

On or about 8/2/79, the borrower executed promissory note(s) to secure loan(s) of $2,500.00 from Dade Federal Saving & Loan of Miami, Miami FL at 7.00 percent interest per annum. This loan obligation was guaranteed by Florida Department of Education, Office of Student Financial Assistance and then reinsured by the Department of Education under loan guaranty programs authorized under Title IV-B of the Higher Education Act of 1965, as amended, 20 U.S.C. 1071 et seq. (34 CFR. Part 682). The holder demanded payments according to the terms of the note(s), and credited $0.00 payments to the outstanding principle owed on the loan(s). The borrower defaulted on the obligation on 2/9/84 and the holder filed a claim on the guarantee.

Due to this default, the guaranty agency paid a claim in the amount of $2,557.53 to the holder. The guarantor was then reimbursed for that claim payment by the Department under its reinsurance agreement. The guarantor attempted to collect the debt from the borrower. The guarantor was unable to collect the full amount due, and on 2/10/95 assigned its right and title to the loan(s) to the Department.

Since assignment of the loan, the Department has received a total of $0.00 in payments from all sources, including Treasury Department offsets, if any. After application of these payments, the borrower now owes the United States the following:

| | |
|---|---|
| Principal: | $2,526.41 |
| Interest: | $2,516.55 |
| Administrative/Collection Costs | $0.00 |
| Late Fees: | $0.00 |
| Total debt as of 6/29/99: | $5,042.96 |

Interest accrues on the principal shown here at the rate of $0.48 per day.

Pursuant to 28 U.S.C. § 1746(2), I certify under penalty of perjury that the foregoing is true and correct.

Executed on: 7-29-99        Name: [signature]
                            Title: Loan Analyst     Janet Cummins
                            Branch: Litigation      Senior Loan Analyst

GOVERNMENT EXHIBIT A

**FLORIDA STUDENT FINANCIAL ASSISTANCE COMMISSION**
ROOM 563 KNOTT BUILDING
TALLAHASSEE, FLORIDA 32304
PROMISSORY NOTE WITH DISCLOSURE

LENDER: **DADE FEDERAL S&L OF MIAMI**
CITY: **MIAMI**  STATE: **FL**

| THIS DATE NEED NOT BE INCLUDED IF IT IS THE SAME AS THE DATE OF THE TRANSACTION / DATE FINANCE CHARGES BEGIN TO ACCRUE | AMOUNT FINANCED | DOCUMENTARY STAMP TAX | PREPAID FINANCE CHARGES (INSURANCE PREMIUMS) | AMOUNT OF LOAN |
|---|---|---|---|---|
| 08/02/79 | $ 2,435.35 | $ 3.75 | $ 60.90 | $ 2,500.0 |

ANNUAL PERCENTAGE RATE
A) PRIOR TO BEGINNING OF REPAYMENT PERIOD: 1/2 %
B) DURING REPAYMENT PERIOD: 7%

I, **BRETT NABRIDGE  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**, hereinafter called the "maker," promise to **DADE FEDERAL SAVINGS AND LOAN ASSOCIATION OF MIAMI**, hereinafter called the "lender," loan **101 EAST FLAGER STREET  MIAMI  FL**, the sum of $ **2,500.00** to the exte

advanced to me, plus simple interest at the rate of ___7___ percent per annum on the outstanding balance of such sum and authorized late charges, all r able attorney's fees, and other costs and charges necessary for the collection of any amount not paid when due. The lender will not collect or attempt to c from the borrower any portion of the interest which is payable by the U. S. Government or by an escrow agent.

The maker and lender further understand and agree that:

I. The lender has applied for Florida Student Financial Assistance Commission Loan Insurance under Title IV, Part B of the Higher Education Act of as amended, hereinafter called the "Act," on all sums advanced pursuant to this note. Such terms of this note as are subject to interpretation shall be constr the light of the Act, Applicable State Law and Federal and State Regulations.

II. Subject to the following exception, repayment of outstanding principal, and interest, shall be made over a period commencing __12__ months aft date on which the maker ceases to carry, at an "eligible institution," at least one-half the normal full-time academic work load, as determined by such insti and (except when paragraph V (2) applies) this period shall end not less than five nor more than ten years after the beginning of the repayment period, b no event shall the repayment period extend to a date more than 15 years from the date of execution of this note. EXCEPTION: The maker and lender, durin __12__ month period preceding the start of the repayment period, may agree to a repayment period that begins sooner or is of shorter duration, pro that, in the event that the maker has requested and obtained a repayment period of less than five years, he may at any time, prior to the total repayment o loan, have the repayment period extended so that the total repayment period is not less than five years. Interest shall accrue during the period prior to the mencement of repayment period but at the option of the lender need not be paid during that period. Such accrued interest shall, at the commencement o repayment period, be added to and become a part of the principal amount of the loan. Repayment of principal, together with interest thereon, shall be ma periodic installments in accordance with either: (1) the terms of a separate instrument which shall be subject to the terms of this note and which the borr agrees to execute prior to commencement of the repayment period; or (2) a repayment schedule established by the lender prior to the commencement o repayment period which will be made a part of this note.

III. The maker agrees to pay the lender, in addition to interest and principal due, an amount equal to the premiums that the lender is required to pay t Florida Student Financial Assistance Commission (hereinafter called "the Commission") in order to provide insurance coverage on this note. Payments cov the period of time extending from the date of execution of this note to the commencement of the repayment period (estimated in accordance with instruct issued by the Commission) shall be due and payable immediately.

IV. Maker authorizes the lender to disburse the proceeds of this note to an escrow agent, on behalf of the maker, for redisbursement to the maker in accord with instructions issued by the Commission. Lender will not attempt to collect from the maker such sums of money as have been disbursed to an escrow a account but not redisbursed by the escrow agent to or on behalf of the maker.

V. This note is subject also to the following conditions:

(1) The maker may at his option and without penalty prepay all or any part of the principal plus the accrued interest at any time. In the event of prepayment, the maker shall be entitled to rebate of unearned interest computed by ☐ the Sum of Digits Formula (rule of 78ths), ☐ Pro-rata, ☒ Other (Identi **SIMPLE**

(2) Periodic installments of principal need not be paid, but interest shall accrue and be payable, (according to regulations) during any period (A) in which maker is carrying, at an eligible institution, a full-time academic load, or is pursuing a course of study pursuant to a graduate fellowship program approved b Commissioner, (B) not in excess of three years during which the maker is a member of the Armed Forces of the United States, (C) not in excess of three ye during which the maker is in service as a full-time volunteer under the Domestic Volunteer Service Act of 1973, (D) at the request of the maker, a single period, in excess of twelve months, during which the maker is seeking and unable to find full-time employment or (E) not in excess of three years in which the maker ser as a volunteer under the Peace Corps Act. Any period described in A, B, C, D, or E shall not be included in determining the period during which repayment must made.

(3) Notwithstanding the minimum repayment period set forth in paragraph II, the total aggregate annual payment by a maker during any year of the rep ment period on all loans insured under the Act to the maker shall not, unless otherwise agreed to by lender and maker, be less than $360 or the balance of all s loans plus accrued interest, whichever is less, except that if a husband and wife both have outstanding insured loans the total combined aggregate annual paym on all such loans by husband and wife shall not be less than $360 or the combined balance of all such loans plus accrued interest, whichever is less.

(4) In the event of a failure to make any payment when due hereunder, the entire unpaid indebtedness including interest due and accrued thereon shall the option of the lender or any other holder of this note become immediately due and payable.

(5) In the event of the maker's death or total and permanent disability, maker's unpaid indebtedness on this note shall be cancelled pursuant to regulati issued by the Commissioner.

(6) Makers shall promptly notify the lender or any other holder of this note in writing of any change or changes in his address or his status as at least a ha time student.

(7) A late charge of 5 percent of the installment payment or $5.00, whichever is less, may be charged on any payment made later than 10 days after t due date.

SIGNATURE (MAKER): X /s/ Brett S. Nabridge
ADDRESS: 1460 NW 94TH AVE  PLANTATION  FL 33322
DATE: 08/02/79

SIGNATURE (CO-MAKER):
ADDRESS:
DATE:

NOTICE: THIS NOTE SHALL BE EXECUTED WITHOUT SECURITY. THE LENDER SHALL SUPPLY A COPY OF THIS NOTE WITH DISCLOSURE T THE MAKER.

FSFAC Form 2 (3/78)

"Pay to the Order of the Florida Student Financial Assistance Commission, without Recourse on us, or any of us."

_____Dade Savings and Loan_____
Name of Lender
By _____
Signature of Authorized Officer

_____Willie P. Allison Jr.-Loan Officer_____
Name & Title of Authorized Officer

8/7/83

"Pay to the Order of the Florida Student Financial Assistance Commission, without Recourse on us, or any of us."

_____Dade Savings & Loan Association_____
Name of Lender
By _____
Signature of Authorized Officer

_____Richard P. Graham, A.V.P._____
Name & Title of Authorized Officer

_____Sept. 30, 1982_____
Date

" A l right, title and interest of the undersigned is hereby
assigned (without warranty, except that the note qualifies for
insurance) to: Dade Savings + Loan Assoc.
Name of Lender:
    Florida Student Financial Assistance Commission
Signature of Officer:  Ray Perez
Title of Officer:  Coordinator
Date Signed:  4-21-83




JS 44
(Rev. 12/96)

# CIVIL COVER SHEET

00-6177

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
UNITED STATES of AMERICA

## DEFENDANTS
CIV-MOORE
BRE~~~~~~ KING

MAGISTRATE JUDGE
O'SULLIVAN

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF _____
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT: BROWARD
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

B: Broward 0: 00CV6177 KMM 1 O'Sullivan

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
THOMAS E. SCOTT, U.S. ATTORNEY (305) 961-9377
99 NE 4TH STREET, SUITE 300
MIAMI, FL 33132-2111

ATTORNEYS (IF KNOWN)

(d) CIRCLE COUNTY WHERE ACTION AROSE: DADE, MONROE, (BROWARD), PALM BEACH, MARTIN, ST. LUCIE, INDIAN RIVER, OKEECHOBEE, HIGHLANDS

## II. BASIS OF JURISDICTION (PLACE AN "X" IN ONE BOX ONLY)

- [X] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [ ] 3 Federal Question (U.S. Government Not a Party)
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | 1 | 1 | Incorporated or Principal Place of Business In This State | 4 | 4 |
| Citizen of Another State | 2 | 2 | Incorporated and Principal Place of Business In Another State | 5 | 5 |
| Citizen or Subject of a Foreign Country | 3 | 3 | Foreign Nation | 6 | 6 |

## IV. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from another district (specify)
- [ ] 6 Multidistrict Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judgment

## V. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

| A CONTRACT | A TORTS | | FORFEITURE/PENALTY | A BANKRUPTCY | A OTHER STATUTES |
|---|---|---|---|---|---|
| 110 Insurance | PERSONAL INJURY | PERSONAL INJURY | B 610 Agriculture | 422 Appeal 28 USC 158 | 400 State Reapportionment |
| 120 Marine | 310 Airplane | 362 Personal Injury – Med Malpractice | B 620 Other Food & Drug | | 410 Antitrust |
| 130 Miller Act | 315 Airplane Product Liability | 365 Personal Injury – Product Liability | B 625 Drug Related Seizure of Property 21 USC 881 | 423 Withdrawal 28 USC 157 | 430 Banks and Banking |
| 140 Negotiable Instrument | 320 Assault, Libel & Slander | 368 Asbestos Personal Injury Product Liability | B 630 Liquor Laws | A PROPERTY RIGHTS | B 450 Commerce/ICC Rates/etc |
| 150 Recovery of Overpayment & Enforcement of Judgment | 330 Federal Employers Liability | | B 640 R.R. & Truck | 820 Copyrights | 460 Deportation |
| 151 Medicare Act | 340 Marine | PERSONAL PROPERTY | B 650 Airline Regs | 830 Patent | 470 Racketeer Influenced and Corrupt Organizations |
| B[X] 152 Recovery of Defaulted Student Loans (Excl. Veterans) | 345 Marine Product Liability | 370 Other Fraud | B 660 Occupational Safety/Health | 840 Trademark | 810 Selective Service |
| B 153 Recovery of Overpayment of Veteran's Benefits | 350 Motor Vehicle | 371 Truth in Lending | B 690 Other | | 850 Securities/Commodities/Exchange |
| 160 Stockholders Suits | 355 Motor Vehicle Product Liability | 380 Other Personal Property Damage | A LABOR | B SOCIAL SECURITY | 875 Customer Challenge 12 USC 3410 |
| 190 Other Contract | 360 Other Personal Injury | 385 Property Damage Product Liability | 710 Fair Labor Standards Act | 861 HIA 1395ff | 891 Agricultural Acts |
| 195 Contract Product Liability | | | 720 Labor/Mgmt Relations | 862 Black Lung (923) | 892 Economic Stabilization Act |
| A REAL PROPERTY | A CIVIL RIGHTS | PRISONER PETITIONS | | 863 DIWC/DIWW 405(g) | 893 Environmental Matters |
| 210 Land Condemnation | 441 Voting | B 510 Motions to Vacate Sentence | 730 Labor/Mgmt Reporting & Disclosure Act | 864 SSID Title XVI | 894 Energy Allocation Act |
| B 220 Foreclosure | 442 Employment | HABEAS CORPUS: | 740 Railway Labor Act | 865 RSI (405(g)) | 895 Freedom of Information Act |
| 230 Rent Lease & Ejectment | 443 Housing/Accommodations | B 530 General | | FEDERAL TAX SUITS | 900 Appeal of Fee Determination Under Equal Access to Justice |
| 240 Torts to Land | 444 Welfare | A 535 Death Penalty | 790 Other Labor Litigation | A 870 Taxes (U.S. Plaintiff or Defendant) | 950 Constitutionality of State Statutes |
| 245 Tort Product Liability | 440 Other Civil Rights | B 540 Mandamus & Other | A 791 Empl. Ret. Inc. Security Act | A 871 IRS – Third Party 26 USC 7609 | 890 Other Statutory Actions A OR B |
| 290 All Other Real Property | | B 550 Civil Rights | | | |
| | | B 555 Prison Condition | | | |

## VI. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

RECOVERY OF FUNDS EXPENDED BY THE PLAINTIFF AS GUARANTOR OF A DEFAULTED FEDERALLY INSURED STUDENT LOAN. 34 CFR 682.100(4)(d)

LENGTH OF TRIAL
via ____ days estimated (for both sides to try entire case)

## VII. REQUESTED IN COMPLAINT:
CHECK IF THIS IS A CLASS ACTION
[ ] UNDER F.R.C.P. 23

DEMAND $ 5142.29
+ interest & costs

CHECK YES only if demanded in complaint:
JURY DEMAND: [ ] YES [X] NO

## VIII. RELATED CASE(S) IF ANY (See instructions):
JUDGE _____   DOCKET NUMBER _____

DATE 1/31/00

SIGNATURE OF ATTORNEY OF RECORD
MARY F. DOOLEY, AUSA

FOR OFFICE USE ONLY

RECEIPT # ____ AMOUNT ____ APPLYING IFP ____ JUDGE ____ MAG. JUDGE ____